13-0303-cr
United States v. George

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of December, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                  *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          -v-                                              13-0303-cr

PRINCE McCATHY GEORGE,

                    *Defendant-Appellant*.
_____

Appearing for Appellant:     David A. Lewis, Federal Defenders of New York, Inc., New York, N.Y.

Appearing for Appellee:      Jo Ann Navickas, Assistant United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (Loretta E. Lynch, United States Attorney; Susan Corkery, Assistant United States Attorney, *on the brief*)

Appeal from the United States District Court for the Eastern District of New York (Judge Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Prince McCathy George appeals from the January 18, 2013 judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*) convicting him after trial of importing 500 or more grams of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960 (b)(2)(B)(iii), and possessing 500 or more grams of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

George's first argument on appeal is that the district court erred in allowing the government to introduce evidence that George was silent when cocaine was discovered in the lining of his suitcase. George does not raise a Fifth Amendment violation. Instead, he argues that its prejudicial effect outweighed its probative value in violation of Federal Rule of Evidence 403. George also relies *Doyle v. Ohio* for the proposition that "silence at the time of arrest [is] likely to be ambiguous and thus of dubious probative value." 426 U.S. 610, 617 n.8 (1976). While correct, the proposition is inapplicable to George's claim. George took the stand and testified on his own behalf, offering the jury an explanation for his silence, which the jury plainly chose not to credit. That falls squarely within the jury's prerogatives. The jury is charged with evaluating witness credibility. *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010) ("Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury."). The jury was entitled to weigh the explanation given by the government against the one proffered by George and decide what, if anything, the silence meant.

George also argues the prosecutor made improper comments during summation that require a retrial. Specifically, he challenges (1) the prosecutor's reliance on testimony stricken from the record; (2) the prosecutor's reliance on a fact not in the record; and (3) the prosecutor's questioning whether George flew out of New York, rather than Baltimore, because that was cheaper. "We review the District Court's decision to deny [a defendant's Rule 33] motion[] for abuse of discretion, upholding findings of fact that were made in the course of deciding the motions unless they are clearly erroneous." *United States v. Stewart*, 433 F.3d 273, 295 (2d Cir. 2006). Generally, our Court does not reverse a criminal conviction arising from an otherwise fair trial solely on the basis of inappropriate prosecutorial comments. *See United States v. Thomas*, 377 F.3d 232, 244 (2d Cir. 2004). Errors in the government's summation will require a new trial only in the rare case in which improper statements—"viewed against the entire argument to the jury"—can be said to have deprived the defendant of a fair trial. *United States v. Forlorma*, 94 F.3d 91, 93–94 (2d Cir. 1996).

None of the errors identified by George provide the basis for a new trial. Two such errors—the reference to stricken testimony and the reference to the cost of direct flights—were the subject of prompt curative instructions by the district court, mitigating the errors in question. *See Gonzalez v. Sullivan,* 934 F.2d 419, 424 (2d Cir. 1991) (curative instruction offsets prejudice created by prosecutorial error during summation). The last error—the prosecution's stating George asked for directions to the bus terminal, when he testified he had not asked for such directions—was not significant enough to constitute substantial prejudice requiring a mistrial, particularly since defense counsel failed to raise a contemporaneous objection. *See United States v. Walker*, 191 F.3d 326, 337 (2d Cir. 1997) (noting that a defense counsel's failure to contemporaneously object to alleged prosecutorial misconduct generally indicates that defense counsel did not believe the conduct was prejudicial).

We have examined the remainder of George's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk